UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BILLY J. CUNNINGHAM and | ) | |
| MARY ANN CUNNINGHAM, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1616-LJM-WTL |
| | ) | |
| MASTERWEAR, INC., a/k/a AMERICAN | ) | |
| DRY CLEANING & LAUNDRY, INC., | ) | |
| JAMES A. REED, and | ) | |
| LINDA LOU MULL REED, | ) | |
| Defendants. | ) | |

## ORDER

On April 19, 2007, Judge Tinder, in an order granting Defendants', Masterwear, Inc., James A. Reed, and Linda Lou Mull Reed (collectively, "Defendants"), First Motion in Limine, excluded the testimony and reports of Drs. Houser and Bomba, on behalf of plaintiffs, Billy J. Cunningham and Mary Ann Cunningham (collectively, "Plaintiffs"). That testimony and those reports opined on whether PCE caused physical injury to Plaintiffs. Defendants' First Motion in Limine had been filed in January of 2007.

This matter is now before the Court on Defendant's Second Motion in Limine, which seeks to exclude further expert testimony on causation. The two witnesses being addressed in Defendants' Second Motion in Limine, Washburn and Flavin, were placed on Plaintiffs' final witness list for this case filed February 15, 2007, long after the deadline for expert witness disclosure. This case and two others were consolidated for purposes of discovery on March 7, 2005, the cases to be managed for discovery by one magistrate. The case management plan ("CMP") governing the consolidated cases required Plaintiffs to disclose experts and their opinions in each case on or before April 4, 2006.

Only Drs. Houser and Bomba were disclosed as experts to be used in this case. Witnesses Washburn and Flavin were listed as experts in *Ohio Casualty Ins. Co. v Reed*, 1:04-cv-02027-DFH-WTL, one of the consolidated cases, assigned to Judge Hamilton.

Defendants urge that because Washburn and Flavin were not listed as witnesses in the instant case until February 2007, they were not timely listed and should not be allowed to present expert testimony in the instant case. Plaintiffs assert that Defendants were aware of the testimony of these two witnesses through the consolidated discovery process and that Defendants had been given copies of the depositions of these witnesses. In addition, Plaintiffs further assert that these two witnesses were placed on the witness list in Judge Hamilton's case. Plaintiffs contend that it would be a triumph of form over substance if these well known witnesses were not allowed to testify in the instant case.

The question presented in this second Motion in Limine is whether, when cases are consolidated for discovery purposes, notice of use of an expert in one of the cases in a timely fashion will operate as notice of the use of that expert in the other cases. In this instance the consolidation was for discovery and not for trial. This Court's view is that in the event a plaintiff notifies the defendant in one consolidated case of the experts to be used in that case, it is not notice of the use of that same expert in the other when the cases are consolidated for discovery purposes only. The trials are separate and the obligation to notify the defendant of the experts to be presented at trial is separate unless the parties either agree or the expert designation is included on both witness lists. Opposing parties ought not to have to be prepared to defend against experts on witness lists offered in cases other than their own. Had the parties agreed or had the Court ordered the cases tried together, the outcome of this motion could be different. It is important to note here that Plaintiffs

2

have not moved to add these individuals to the witness list. The ruling of the Court is that in cases consolidated for discovery purposes only, unless agreed to or ordered otherwise, notice of expert testimony under one cause number is not notice of expert testimony under the other. Thus, Defendants' Second Motion in Limine to exclude the expert testimony of Washburn and Flavin is **GRANTED**.

There remains Defendants' Third Motion in Limine. The Defendants have asked this Court to exclude several items of evidence. Specifically, Defendants ask the Court to exclude settlement negotiations, offers and demands made by the parties. The Court now **GRANTS** Defendants' Third Motion in Limine with respect to these matters. Defendants also ask that the Court exclude references to insurance and/or the absence of insurance, payment of medical and similar expenses, and subsequent remedial measures. The Defendants' Third Motion in Limine is **GRANTED** as to these matters also.

In addition, Defendants ask that the Court exclude "any testimony concerning alleged property damage, diminution in value or stigma." Plaintiffs have designated no expert witnesses on the subject of property damage, diminished value or stigma. Plaintiffs assert that they need not have experts to opine on value or diminished value in this case. In Indiana, as in most states, a property owner is competent to testify to the value of his or her property. This is so because the owner is thought to be familiar with the property and able to render a helpful opinion. Just how helpful is, of course, up to the jury. The problem comes when the opinion is based on someone else's knowledge or opinion. As long as the testimony of the property owner is based upon his or her own knowledge and not on the opinion of another unavailable for cross examination, the property owner may testify about the value or diminished value of the subject property.

Here the Plaintiffs want to establish the diminution of the value by relying upon appraisals done in March of 1994 and April of 1999. Such testimony is based on hearsay and is inadmissible. Unless the property owner is treated as an expert and thus allowed through Federal Rule of Evidence 703 to base some testimony upon otherwise inadmissable testimony, Plaintiffs' attempt to rely upon an appraisal done by someone else is unavailing. Perhaps excluding testimony based upon the appraisal of another invites the home owner to opine that the figure he has offered is in fact his when it is not. The crucible of cross examination should address that concern.

It is interesting to note that in other circuits, notably the First Circuit, the Tenth Circuit, and the Fifth Circuit, an owner's testimony is treated as expert testimony and the basis for a hearsay objection is treated differently. *See Robinson v. Watts Detective Agency*, 685 F.2d 729, 739 (1st Cir. 1982); *Kestenbaum v. Falstaff Brewing Corp.*, 514 F2d 690,699 (5th Cir. 1975); *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966). In Indiana, and in the Seventh Circuit, while the homeowner can testify, he or she must base his or her testimony on personal knowledge and if he or she wants to introduce an appraisal, the appraiser must be produced. *See* 13 Ind. Prac., Ind. Evidence § 701.117 (3rd ed.). Therefore, Defendants' Third Motion in Limine to exclude Plaintiffs', the owners, opinions based upon the appraisal of another is **GRANTED**.

Defendants have also moved in limine to exclue the fact that there may be tax consequences to a judgment in Plaintiffs' favor. The Defendants' Third Motion in Limine in this regard is also **GRANTED**. In addition, the fact that attorney fees may come out of a judgment is irrelevant and is excluded in limine. The parties agree that there will be no claim of cognitive impairment and Defendants' Third Motion in Limine addressed to that concern is therefore **MOOT**. Finally the financial condition of Plaintiffs is irrelevant and Defendants' Third Motion in Limine addressed to

that concern is **GRANTED**. Whether Defendants' financial condition will become relevant in this case is unclear at this time. The Defendants' Third Motion in Limine involving the financial worth of Defendants is therefore **DENIED**.

In summary, Defendants' Third Motion in Limine is **GRANTED in part, DENIED in part and MOOT in part**.

All of Defendants' motions in limine were filed prior to a Motion for Summary Judgment. However, the only ruling that had been made prior to Defendants' filing of the Motion for Summary Judgment was the ruling by Judge Tinder that excluded the testimony of Drs. Houser and Bomba. In fact, it appears that the Motion for Summary Judgment was filed not only after but because of Judge Tinder's ruling to exclude the testimony of the doctors. In that ruling Judge Tinder held that the opinions of the two doctors failed to pass the *Daubert* test and were thus inadmissable as they pertained to causation. This Court agrees with Judge Tinder and will not change the ruling. This Court has also granted Defendants' Second Motion in Limine prohibiting two other witnesses from opining on the causation of the Plaintiffs' physical injuries in this case. In addition, the Court has granted portions of Defendants' Third Motion in Limine, notably, the Court granted the motion to exclude the only evidence offered by Plaintiffs on the loss of property value. Having made these rulings, and for the reasons stated in Judge Tinder's order and this Order, the Court **GRANTS** Defendants' Motion for Summary Judgment on the issue of Plaintiffs' bodily injury and emotional injury because there will be no expert testimony to assist the jury in connecting either the physical or emotional injury of which Plaintiffs complain to the alleged harm. Furthermore, the Court **GRANTS** Defendants' Motion for Summary Judgment on the diminished property values issue because Plaintiffs have no competent evidence on the subject because the appraisals upon which they

rely to establish damage are inadmissible hearsay. Finally, the Court **GRANTS** Defendants' Motion for Summary Judgment on the claim of loss of value of personal property because there is no expert available to Plaintiffs to connect any loss of value to the alleged contamination.

The gravamen of these rulings is that Defendants' Motion for Summary Judgment is **GRANTED** in its entirety and the cause is dismissed.

## CONCLUSION

For the reasons stated herein, defendants', Masterwear, Inc., James A. Reed, and Linda Lou Mull Reed, Second Motion in Limine (Docket No. 120) is **GRANTED**; their Third Motion in Limine (Docket No. 118) is **GRANTED in part, DENIED in part, and MOOT in part**; their Motion for Summary Judgment (Docket No. 145) is **GRANTED**. Defendants', Masterwear, Inc., James A. Reed and Linda Lou Mull Reed, Motion to Strike (Docket No. 140) is **DENIED as MOOT**. Plaintiffs', Billy J. Cunningham and Mary Ann Cunningham, Motion for Oral Argument on Motion for Summary Judgment (Docket No. 135) is **DENIED as MOOT**. Plaintiffs' claims are hereby **DISMISSED with PREJUDICE**. Each party to bear its own costs. Judgment shall enter accordingly.

IT IS SO ORDERED this 19th day of March, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:

Jonathan P. Emenhiser
PLEWS SHADLEY RACHER & BRAUN
jemenhiser@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Jana K. Strain
PRICE WAICUKAUSKI & RILEY
jstrain@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Raymond L. Faust
NORRIS CHOPLIN & SCHROEDER LLP
rfaust@ncs-law.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Michelle A. Spahr
NORRIS CHOPLIN & SCHROEDER LLP
mspahr@ncs-law.com